## WEAVER *v.* COSBY *et al.*

1. When an action at law has been referred to an auditor, it is error to overrule exceptions to his findings of fact properly set forth, and to withhold the case from the determination of a jury.

2. The possession by a child of a note, reciting a valuable consideration, and a mortgage under seal purporting to secure such a note, raises a presumption that the same were founded upon such a consideration; and heirs or legatees seeking to defeat the collection of such note, and the enforcement of such mortgage, on the ground that they were without consideration, carry the burden of proving that such is the fact.

3. Exceptions of law to an auditor's report, alleging error in admitting irrelevant testimony, ought to be sustained, when it appears that the testimony in question was irrelevant, and was objected to on this account at the time of its introduction before the auditor.

4. In a case referred by a judge of the superior court to an auditor, he can only pass upon such issues as are made by or grow out of the pleadings. It follows, therefore, in a proceeding to foreclose a mortgage given by a decedent upon lands of his estate, of which the petitioner is executrix, when the only defense made to the action by the heirs and legatees of the mortgagor is that the mortgage had not been delivered and was without consideration, that it is error for the auditor, to whom the case has been referred, to find that the plaintiff had no right of foreclosure until

she had accounted for the rents and profits she had received as executrix; and hence the court erred in overruling plaintiff's exception to this ruling of the auditor.

Argued November 1, — Decided November 30, 1899.

Exceptions to auditor's report.    Before Judge Butt.    Talbot superior court.    March term, 1899.

*A. P. Persons* and *J. M. Mathews*, for plaintiff.
*J. J. Bull* and *A. J. Perryman*, for defendants.

LEWIS, J.   On the 20th day of January, 1890, John C. Maund executed his promissory note payable to his daughter, now Mrs. Ida J. Weaver, for the sum of $1,142, due on the 20th day of January, 1891, and bearing interest at eight per cent. from date.   This note purported to be for a valuable consideration.   Contemporaneously with the giving of this note, Maund, for the purpose of securing same, executed a mortgage upon certain tracts of land.   Afterwards the mortgagor died, and the mortgagee, the plaintiff in error in this case, instituted proceedings at law to foreclose her mortgage upon the property, making party defendant thereto herself as executrix of her father's will; and the remainder of his heirs upon their own motion were made parties defendant.   These heirs at law filed an answer, denying the giving of the note by the testator, and alleging that if it was given it was without consideration; and admitting the execution of the mortgage set forth in the petition for foreclosure, but denying that it was ever delivered to the plaintiff.   On March 18, 1898, the judge of the court where the case was pending granted an order referring it to an auditor to hear and report upon the same, with full power to subpœna witnesses, and to order the production of books and papers; and further requiring the auditor to make his report at the next term of court.   The auditor accordingly made and filed his report, giving a brief of the evidence taken before him, and his conclusions on the law and facts.   Within the time required by law the plaintiff filed various exceptions, both of law and fact, to the auditor's report, whose general finding was in favor of the defendants.   These exceptions were overruled by the court, and the report of the auditor and his findings were

made the judgment of the court. Upon this ruling and judgment the plaintiff assigns error in her bill of exceptions.

1, 2. It appears from the record that the auditor in his report substantially found, as a conclusion from the testimony before him, that there was no evidence of any express contract made by the testator with his daughter, the plaintiff, to the effect that in consideration of services he would pay her a specific sum. The auditor further found in his report that the note and mortgage were without consideration, and constituted a mere nudum pactum upon which there could be no recovery. To this finding of the auditor the plaintiff filed her exceptions; and in the bill of exceptions it is recited that the plaintiff's counsel asked the court "that the exceptions of fact, to wit numbers one and two, be submitted to the jury," and that the court overruled this motion. On this ruling plaintiff assigns error in the bill of exceptions. This was an ordinary proceeding at law by the plaintiff to foreclose in the superior court her mortgage upon the lands therein described. There was nothing whatever in the pleadings, either in the petition or answer thereto, which had any relation whatever to seeking any equitable relief. Section 4595 of the Civil Code provides that, "In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact, and in equity cases by the jury when approved by the judge." In the case of *Hudson* v. *Hudson*, 98 *Ga.* 147, it is decided: "In all cases strictly in the nature of common-law actions, which are referred to an auditor, it is the constitutional right of either party to have his exceptions of fact to the auditor's report passed upon by a jury, unless this right be expressly waived." The announcement of the above-quoted principle is but a repetition of repeated rulings of this court previously made, and since adhered to. See *Poullain* v. *Brown*, 80 *Ga.* 28. From these provisions of the statute and the decisions of this court it follows as a necessary consequence that the court erred in overruling the exceptions of fact. When such exceptions are filed to an auditor's report in an action at law, the court has no power under the statute to disallow them and himself pass upon the issues therein presented, without the

intervention of a jury, unless the parties expressly waive such right to trial by jury. Even if there be no material conflict in the evidence, and the same should demand the auditor's finding thereon, the court has no right, when exceptions of fact are filed, to strike the same and enter up a judgment without the verdict of a jury. Should a verdict in favor of the report be demanded, then we think the court could properly direct a verdict, as in other cases, but a judgment without such a verdict would simply be illegal. With much more force can this rule be applied in actions at law where there is a conflict in the evidence upon material issues of fact·between the parties, and where the testimony reported by the auditor consequently does not demand a finding for either party.

After a careful review of the evidence reported by the auditor in this case, we have reached the conclusion that the testimony not only did not require his findings of fact excepted to by the plaintiff, but to our minds it is exceedingly doubtful whether the evidence was sufficient to authorize the conclusions he reached. In the evidence reported by the auditor the following material facts appear: The plaintiff introduced her note and mortgage, the latter being a sealed instrument, and the former being an unconditional contract in writing purporting to be for a valuable consideration. Section 3656 of the Civil Code, in treating of the consideration of contracts, declares: "In some cases a consideration is presumed, and an averment to the contrary will not be received. Such are generally contracts under seal," etc. *Rutherford* v. *Executive Committee*, 9 *Ga.* 54. In *Smith* v. *Smith*, 36 *Ga.* 190, Harris, J., in the opinion declares that "the solemnity of a sealed instrument imports consideration, or, to speak more accurately, it estops a covenantor from denying a consideration, except for fraud." The plaintiff opened her case before the auditor by the introduction of her note and mortgage. It necessarily follows, from the principles above announced, that these instruments raised a strong presumption of law that they were founded upon a valuable consideration, and that when the want of such consideration is set up as a defense in the answer of the defendants, the burden of proof is upon them to sustain the

truth of their plea. How was the presumption in plaintiff's favor met in this case? The only testimony on this point in behalf of the defendants, appearing in the record, as reported by the auditor, was that of one Dr. Cosby, from which it appears that he had a conversation with John C. Maund, the deceased, after the execution of the note and mortgage he had given to the plaintiff; that he spoke about giving his daughter the mortgage and why he had done so; that he had considerable land in the loan association, and said, if the land was sold and did not bring enough to pay it, that his other property would be levied upon, and for fear of that he gave his daughter the mortgage. The witness further testified that the deceased told him he was going to destroy the mortgage he had given to his daughter, and give her a note for $100 per year up to the time of her marriage; but it appears from the auditor's report that the objection of plaintiff's counsel to this portion of the testimony was sustained. Even conceding that the balance of the testimony of the witness was admissible (and it does not appear that any objection was made thereto by the plaintiff), we think it utterly fails to overcome the presumption raised by law in favor of the validity of the note and mortgage.

In the first place, this declaration of the deceased was made, not in the presence of the plaintiff, after the execution of his contract importing a valuable consideration, and was not supported by any evidence tending to show that the mortgagee had any notice or knowledge whatever of this intention of delaying or defrauding creditors. In the next place it appears from the mortgage itself that the loan association evidently referred to by the witness was mentioned in the instrument, and it was therein recited that a prior mortgage in favor of this association, and two other prior mortgages in favor of one Sherwood, covered some of the lands mentioned in the mortgage to his daughter, and therefore these lands were not intended to be embraced in her lien. Certainly such a recital was sufficient to rebut any idea of an intention to defraud these creditors. Besides this, had the suit been instituted against the testator in his lifetime, he evidently would have been estopped from setting up the defense of intending to defraud a creditor;

and while creditors might make such an attack, as a general rule of law, what would estop a mortgagor in such a case would likewise work an estoppel upon his legal representatives and heirs after his death. But, if possible, a more complete answer to overcome this evidence in rebuttal is that it does not appear that any defense of this sort was set up by the heirs in their answer, and the auditor, in his finding against the mortgage, did not base it on this idea, but, on the contrary, as appears from his report, reached the conclusion that the real consideration of giving the note and mortgage was that "plaintiff rendered services to her father that were highly appreciated, and for which he desired that she should be compensated; there can be no doubt, under the evidence, the motive was present and he attempted to carry out the intention." In reply, the plaintiff introduced several witnesses who testified substantially to declarations and admissions made by the deceased, both before and after giving the mortgage, in which he stated a purpose to compensate his daughter for her great care and assistance rendered him, and in which he recognized an indebtedness to her of about $1,000, saying that she had done more for him than all his other children, and that he intended to secure this debt either by deed or mortgage, and, after the execution of the mortgage, declared, in effect, that he had thus secured the payment of such indebtedness. There is not a particle of testimony contradicting this additional evidence in support of a valuable and meritorious consideration which prompted the execution of the contract sued on in this case.

The auditor seems to have based his conclusion upon this parol testimony alone, and concluded that the execution of the contract by the deceased was a mere gratuity, prompted by the affection of a parent to a child, growing out of the latter's attention to her father. While it is possible that, if there had been no written contract between the two, the parol evidence introduced might have authorized the jury to reach the same conclusion, yet, in the light of the record before us, we do not think that even this portion of the testimony, not considered in connection with the written contract, would have *demanded* such a finding. But this case is to be distinguished from those

in which it is sought to imply a contract in which the parent was to pay for services rendered by a child, and in which it has been decided that such an implied promise does not usually arise in cases between very near relatives, when the services performed are in the nature of care and attention bestowed by a son, for instance, upon an old and infirm father. For adjudications on this subject, see *Hudson* v. *Hudson*, 87 *Ga.* 678, s. c. 90 *Ga.* 581; *O'Kelley* v. *Faulkner*, 92 *Ga.* 521. All these cases related to an implied promise, without any proof whatever of an express contract; and even in such cases a recovery could be had, if the nature of the services rendered was such as to authorize an implied obligation to compensate. But how much stronger is the case when there has been an express contract to pay, evidenced by an unconditional note, and an instrument under seal to secure its payment. We conclude, therefore, that there was clear error in the judge's decision overruling the exceptions of fact, and refusing to submit the issues thus made to the jury. In the order granted by the judge overruling the exceptions, the following words appear: "Exceptions of fact being submitted to the court without the intervention of the jury." There was no contention before this court by counsel that they had agreed to submit issues of fact to the court and waive a trial by jury. On the contrary, as above indicated, it appears from the bill of exceptions itself, certified to by the judge, that plaintiff's counsel asked that his exceptions of fact be submitted to the jury, and that the court overruled this motion, and upon this error is especially assigned. We infer, therefore, the judge, by the language quoted from his judgment, simply meant to say that the exceptions were submitted to him for approval or disapproval before going to the jury, and did not mean that a jury trial was waived. No such waiver should be presumed in the light of what the judge has otherwise certified to in the record, and proof of such waiver should be clear and positive. See opinion of Justice Atkinson in case of *Hudson* v. *Hudson*, 98 *Ga.* 148. For the above reasons we conclude that the overruling of these exceptions of fact, and refusal to submit the same to the jury, were a direct deprivation of the plaintiff's constitutional right to trial by jury.

3. On the trial of the case before the auditor, testimony was introduced in behalf of the defendants as to what the lands of the estate were worth per year for rent while in possession of the plaintiff as executrix, and also what amount of rents she had received from the lands since her administration. This testimony was admitted over the objection of plaintiff's counsel, made on the ground that it was not covered by the pleadings, and was immaterial. The auditor overruled the objection, exception thereto was filed by plaintiff, and error is assigned on the judgment of the court sustaining this ruling of the auditor. We think the admission of this testimony was clearly error of law, and that the exception of plaintiff's counsel should have been sustained. Even granting that in an action by one to foreclose a mortgage against an estate of which the plaintiff is executor a plea of this sort could under certain circumstances in equity be set up by the heirs, and that an account of the plaintiff's administration could thus be had in a proceeding at law of this character, there was no such defense set up in the answer; the only defense being that there was no consideration for the note and mortgage, and no delivery of the mortgage by the mortgagor to the mortgagee. The auditor found there was such a delivery, as he was obliged to do under the positive proof on this subject. The only other issue for him to pass upon was whether or not there was a valid consideration for the contract entered into between the parties. The question, therefore, of the proper administration of the estate by the plaintiff was not involved in the pleadings, and was necessarily not submitted to the auditor by the court. It is well settled that, in passing upon issues of fact, the auditor must be governed by such testimony as will throw light upon the matters specially referred to him. *McMahon* v. *Paris*, 87 *Ga.* 660. It follows from the above that the court erred in overruling exceptions of law filed by the plaintiff's counsel to the auditor's report; such exceptions being numbered in the record 1st, 2d, 4th, and 5th. The exceptions of law covered by the 6th, 7th, and "7th" grounds relate mainly to the auditor's conclusions in reference to the consideration of the note and mortgage given, and are fully covered by the views hereinbefore set forth relative to the facts in this case.

4. The auditor in his report also found that this suit was by the plaintiff against herself as executrix, and that, even if this is allowable, the burden is on her to account for the property that went into her hands, and the rents and profits thereof, before she would be allowed a judgment of foreclosure; and, having failed to make any account for the rents, profits, and personal property, she is not entitled to a judgment of foreclosure, even if otherwise entitled. In the 8th ground exception is taken to this finding, and plaintiff assigns error in the judgment of the court overruling the same. For the reasons above indicated, we think the court erred in not sustaining this exception. In the first place, the auditor was passing upon an issue that had not been submitted to him. In the next place, there was no definite finding by the auditor as to what amount the executrix was liable for rents and profits. There was some testimony as to the specific amount of money she had received, which was much less than the amount sued for in this action; but even if such rents etc. had been a proper set-off, that would have constituted no reason why the plaintiff was not entitled to a judgment of foreclosure for the balance. The question as to whether it was permissible for the plaintiff to bring the action against herself as executrix was not before the auditor, not embraced in the pleadings, and is not made in this court. On the contrary, the heirs themselves, upon their own motion, were made parties defendant, filed their answer, and the case should have gone to trial upon the issues thus presented. Even if there was any irregularity in this proceeding, it was cured by appearance and pleading to the merits. Under the rule, however, in the case of *Groves* v. *Williams*, 68 *Ga.* 598 (4), it does not follow that a suit is void because the same party is both the complainant and the defendant.

*Judgment reversed. All the Justices concurring.*