## LINDER v. WHITEHEAD et al., and vice versa.

1. An auditor may file with his report, as a brief of the oral evidence, the questions and answers of witnesses as transcribed from a stenographic report of the case.

2. The exceptions to the auditor's report, not having been drawn in compliance with the ruling in the case of *First State Bank* v. *Avera*, 123 *Ga.* 598, were properly disallowed.

3. The finding of the auditor, when construed in the light of the petition and amendment, was a sufficient foundation for a decree; and the decree as entered was not subject to any of the objections set forth in the assignments of error thereon.

Submitted February 24,—Decided March 24, 1906.

Exceptions to auditor's report. Before Judge Lewis. Laurens superior court. July 26, 1905.

When this case was before this court on a former occasion (116 *Ga.* 206), it was held that the petition set forth a cause of action, as against a general demurrer. A full statement of the averments of the petition is contained in the opinion, to which reference is made, instead of reproducing them here. When the case was returned to the trial court the defendants urged their special demurrers, which were overruled, and answers were filed. The case was referred to an auditor, who reported that Linder was indebted to Whitehead in the sum of $1,571.80. To this report Linder filed exceptions both of law and fact. The judge disallowed all the exceptions, and a decree was entered, reciting that the auditor having found, "in the matter of account submitted," against Linder "in the sum of $1,571.80," and that report having been sustained by the court, it was decreed that the defendants recover from plaintiff on all issues in the pleadings, and that John Flannery Company recover of the plaintiff possession of the premises described in the pleadings, etc. The plaintiff excepted to the judgment disallowing his exceptions, and to the decree as rendered. The defendants, by cross-bill, excepted to the judgment overruling their special demurrer to the petition.

*John S. Adams, Akerman & Akerman,* and *James K. Hines,* for plaintiff. *Daley & Bussey,* for defendants.

Совв, P. J. (After stating the foregoing facts.) 1. One of the exceptions of law to the report of the auditor was that the auditor did not submit a brief of the evidence with his report, but merely

filed therewith the stenographic report of the evidence containing the questions and answers. The code provides that auditors "must reduce to writing a brief of the oral and documentary evidence submitted by the parties." Civil Code, §4585. We know of no law requiring an auditor to reduce a stenographic report of the evidence produced before him to a narrative form. The stenographic report of evidence has in such cases been uniformly treated as a part of the record in the case, and as subject to be brought to this court as such by a mere specification in the bill of exceptions. *Schmidt* v. *Mitchell,* 117 *Ga.* 6(1). It is to be regretted that the rule in reference to briefs of evidence on motions for new trials and in bills of exceptions has never been applied to briefs of evidence accompanying auditors' reports. The provisions of the Civil Code, §5488, apply only to briefs of evidence on motions for new trials. We do not mean to hold that an auditor may not reduce the stenographic report of the oral evidence to a narrative form, but we know of no statute, rule of court, or decision which now requires this to be done.

2. This was an equity case. The exceptions to the report of the auditor did not comply with the rule laid down in *First State Bank* v. *Avera,* 123 *Ga.* 598; and this was a sufficient reason for disallowing all of them.

3. The only remaining question is whether the decree was authorized by the auditor's report. The report was merely an accounting between the parties, and a finding by the auditor that the result of the accounting was a liability of Linder to Whitehead in a stated sum. The original petition averred that Linder had, from time to time, paid to Whitehead "divers sums of money," and that his indebtedness to Whitehead on account of the purchase-money of the land was paid off and discharged. There was an amendment to the petition, which added a prayer that an accounting be had between the parties, and, in the event it be found that plaintiff had fully paid off the purchase-price of the land, that a decree be entered in his favor; and, in the event an accounting should show that he was still indebted to plaintiff, that a decree be entered allowing him a reasonable time to pay the amount into court, and that upon such payment the title to the land be decreed to be in him. The order of reference is not in the record, but it is to be presumed that it was in accordance with the pleadings and prayer, and that

the auditor was therein directed to take an account, and ascertain what amount if any should be paid by Linder to obtain a title to the land. The report of the auditor is to be construed as a finding of the amount necessary for that purpose. It does not appear that Linder tendered to Flannery or to Whitehead the amount found against him by the auditor, nor does it appear that there was any motion made to have a decree entered allowing him a reasonable time to pay the amount into court or to the parties. The decree does not seem to be erroneous for any of the reasons assigned.

*Judgment on main bill affirmed. Cross-bill dismissed. All the Justices concur.*