WILLIAMS REALTY & LOAN CO. *et al. v.* SIMMONS *et al.*
SIMMONS *v.* WALSTON *et al.*

Nos. 12678, 12698.   MAY 10, 1939.   REHEARING DENIED JUNE 17, 1939.

*McElreath, Scott, Duckworth & DuVall,* for plaintiffs in error.

*Judson Andrews, R. B. Blackburn, T. M. Smith,* and *Augustine Sams,* contra.

JENKINS, Justice. ■ These cases are determined together, since they involve related questions arising from one decree, which adopted as the judgment of the court the report of an auditor, part of which was adverse to the plaintiff and part adverse to the defendants; the parties bringing separate bills of exceptions instead of a main bill and a cross-bill. See *Robinson* v. *Georgia Savings Bank,* 185 *Ga.* 688 (8), 700 (196 S. E. 395), and cit.

■ The decree made the auditor's report the judgment of the trial court, and thus adjudicated the rights of the parties on the merits. It was therefore a final judgment, from which the writs of error were properly taken, and not a mere overruling of exceptions to the report.

■ There being no rule requiring a briefing of evidence taken before an auditor (*Linder* v. *Whitehead,* 125 *Ga.* 115, 53 S. E. 588), the fact that part of it comes to this court in question and answer form will not authorize a dismissal of the writ of error. *Schmidt* v. *Mitchell,* 117 *Ga.* 6 (43 S. E. 371); *Green* v. *Coast Line R. Co.,* 97 *Ga.* 15 (3) (24 S. E. 814, 33 L. R. A. 806, 54 Am. St. R. 379).

■ Where exceptions pendente lite are taken to rulings, and the cause is brought to this court for review of a final judgment, without any assignment of error on such rulings or exceptions pendente lite, and such judgment is reversed, and after a new trial the cause is brought to this court on another writ of error, it is too late to complain in the last bill of exceptions of the errors alleged to have been committed previously to the first writ of error. *Hodgkins* v. *Marshall,* 102 *Ga.* 191, 193 (29 S. E. 174); *Morris* v. *Duncan,* 126 *Ga.* 467 (3) (54 S. E. 1045, 115 Am. St. R. 105); *Story* v. *Brown,* 98 *Ga.* 570 (25 S. E. 582); *Oslin* v. *Telford,* 108 *Ga.* 803 (2) (34 S. E. 168). Accordingly, in the present bill of exceptions of the defendants in the trial court (writ of error in No. 12678), their assignment of error on an order of February 15, 1937, and on exceptions pendente lite which they took before the previous writ of error was determined by this court (*Simmons* v. *Williams Realty & Loan Co.,* 185 *Ga.* 154, 194 S. E. 356), but without any assignment of error being then made, can not be considered.

■ On the other exceptions pendente lite of the defendants in the trial court, the court did not err, by its order of February 23, 1938, in striking their plea of res adjudicata, to the effect that the questions presented in the ancillary petition had been or might have been adjudicated in the main suit, since in the previous decision of this court (185 *Ga.* 154, supra), which is the law of the case, it was in effect held that the ancillary petition was proper. Nor, under that decision, did the court err in limiting the issues raised by the pleadings to the sole question as to what sum should be recovered, according to the amount of proceeds received by the defendants from a sale of the property in question. Nor did the auditor err in excluding evidence of the defendants in support of the amendment to their answer claiming for the widow the proceeds of sale under an alleged agreement between her and the debtor husband, since, as this court previously held (185 *Ga.* 159), "the amendment [attempted] to set up defensive matters which could have been pleaded and decided in the main suit," and therefore as to such matters, "the verdict and decree in the main suit . . . is res judicata."

■ Irrespective of whether or not the previous orders of the trial court and the decision of this court required in terms both of the defendants, the widow of the debtor and a corporation, or only the corporation, to account for the proceeds received from the property, and irrespective of whether or not only the widow, the defendant who actually received such proceeds, was accountable under such orders, there has been no previous adjudication that she was not thus liable. Under the law of the case as stated by the previous rulings of the trial court and of this court, the finding of the auditor against both defendants as to their liability for the amounts found against them was authorized by testimony as to the amounts, and as to their receipt by the widow as sole stockholder, director, and officer of the corporation, and consequently as to the liability of both defendants for such amounts. See *Atlanta Real Estate Co.* v. *Atlanta National Bank*, 75 *Ga.* 40; *Citizens & Southern Bank* v. *State*, 151 *Ga.* 696 (4), 701 (108 S. E. 161); *Baker* v. *Sutton*, 47 *Ga. App.* 176, 179 (170 S. E. 95), and cit.

■ On the writ of error of the defendants (No. 12678), the judgment of the trial court as to them must be affirmed.

■ On the writ of error of the plaintiff in the trial court (No.

12698), the judge and the auditor, in the absence of any prayer for interest, did not err in refusing to allow its recovery (*Blackman* v. *Wilson,* 28 *Ga. App.* 768 (5), 113 S. E. 32; *A., B. & C. R. Benefit Asso.* v. *South,* 49 *Ga. App.* 659, 661, 175 S. E. 924), irrespective of whether or not, if prayed, it would have been recoverable on such an unliquidated demand, eo nomine or as part of the damages recovered, in the discretion of the auditor, as in the case of a jury. See Code, § 57-110; *W. & A. R. Co.* v. *McCauley,* 68 *Ga.* 818 (2); *Mayor &c. of Milledgeville* v. *Stembridge,* 139 *Ga.* 692 (3) (78 S. E. 35); *A. C. L. R. Co.* v. *Henderson Elevator Co.,* 18 *Ga. App.* 279 (6) (88 S. E. 101), and cit. And since no amendment claiming interest was offered by the plaintiff, no question arises as to whether such an amendment would have been allowable after the filing of the auditor's report. See *Cureton* v. *Cureton,* 120 *Ga.* 559 (2) (48 S. E. 162); *Mobley* v. *Russell,* 174 *Ga.* 843 (2), 846 (164 S. E. 190).

■ "Where land is conveyed by a deed to secure a debt, and the grantee or his assignee obtains a judgment against the debtor and has the land levied on and sold under execution, without filing and having recorded a deed reconveying the land to the debtor, the levy and sale are void." *Woodward* v. *LaPorte,* 181 *Ga.* 732 (184 S. E. 280), and cit.; *Callaway* v. *Life Ins. Co. of Va.,* 166 *Ga.* 818 (3) (144 S. E. 381); *Reeves* v. *Lancaster,* 159 *Ga.* 540 (4) (126 S. E. 480); Code, § 67-1501. However, where a sale is made solely by virtue of a power of sale in the security deed, no reconveyance to the grantor is necessary. *Greenfield* v. *Stout,* 122 *Ga.* 303 (3), 305 (50 S. E. 111), and cit.

■ Although, after a default by the grantor debtor in a deed to secure debt, the grantee creditor is entitled to possession of the land, such possession before a lawful foreclosure is merely for the purpose of applying the rents, issues, and profits to the debt; the grantee is accountable therefor; and when sufficient has been paid to discharge the debt, the grantor is entitled to a cancellation of the deed, or a reconveyance of the property if the grantee has obtained possession by ejectment. *Polhill* v. *Brown,* 84 *Ga.* 338 (9, 10), 343 (10 S. E. 921); *Sweat* v. *Arline,* 186 *Ga.* 460, 462 (197 S. E. 893); *Gunter* v. *Smith,* 113 *Ga.* 18 (3) (38 S. E. 374); *Harris* v. *Powers,* 129 *Ga.* 74, 82 (58 S. E. 1038, 12 Ann. Cas. 475); *Marshall* v. *Pierce,* 136 *Ga.* 543 (71 S. E. 893).

(*a*)　Under the rulings stated in the two immediately preceding paragraphs, where a creditor grantee in a security deed obtains judgment, and sells the land without a deed of reconveyance as required by the Code, § 67-1501, but goes into possession of the land and receives the rents, or has the use of the land himself, he becomes chargeable with its proper rental, and must, in a proceeding between himself and other judgment creditors, involving the distribution of the proceeds of other land covered by their liens, make an accounting for such rents by reducing the amount of his claim accordingly.　However, if the creditor grantee sells the land, not under his judgment and execution, but by virtue of a power in the security deed, such a sale being valid without a deed of reconveyance, other judgment creditors obviously would not be entitled to an accounting.

(*b*)　Under the rulings in the three immediately preceding paragraphs, the auditor erred in sustaining the demurrers of the two security-deed intervenors to the answers of the plaintiff judgment creditor, attacking the priority of those interventions on grounds as indicated.　Both interventions recite the obtaining of city-court judgments and executions and the crediting on such judgments of the "proceeds of the sale" of real estate, covered by security deeds, but without averment as to the manner of sale. In the answer of the plaintiff to the Walston intervention, attacking the validity of the sale because of the absence of any deed of reconveyance, she refers specifically to the "*levy* and sale of said security properties," and the use of the word "levy" necessarily precludes any sale by the creditor under a power in the security deed.　In the answer of the plaintiff to the other intervention, although she alleges that "said intervenors sold said property under power contained in their surety deed," she specifically adopts as a part of this answer the paragraph in the other answer containing the language quoted.　The report of the auditor showing that he not only struck the answers of the plaintiff to both of the interventions, one excluding any implication of sale by power in the deed, but excluded her evidence in support of both of her answers, the contention of the intervenors that the striking of the answers was harmless, because the plaintiff could have introduced such evidence without filing any answers, is without merit.

■　On the writ of error of the plaintiff in the trial court (No.

12698), the judgment awarding the proceeds of the property, less attorney's fees and costs, to the two intervenors as holders of senior judgments, to the exclusion of the plaintiff holding a junior judgment, is reversed solely on the grounds above decided, and the case is remanded for a new trial before a court and jury, or under a reference to the auditor, as the judge may determine, on the sole question and issue, raised by the erroneously stricken pleading of the plaintiff, as to whether the alleged levies and sales under the security deeds were void by reason of the failure to record proper deeds of reconveyance; as to whether and when any of the intervenors took possession of the land under any such void sale; as to what amounts of rent, if any, should be charged against any of the intervenors respectively, in reducing the amounts of their respective claims; and if the claims of the intervenors should be thus reduced, what, if any, readjustment of priorities and of the respective amounts due to the plaintiff and each of the three intervenors should be made between them as to the $781.92 awarded. But if it should appear that the intervenors sold the land solely under powers of sale in their security deeds, and not by a levying officer, no further hearing and no readjustment of priorities would be required.

*Judgment affirmed in No. 12678; reversed in No. 12698. All the Justices concur.*