HOWARD *et al. v.* BETTS *et al.*

No. 13204. June 21, 1940.

*T. J. Lewis* and *Lanham & Parker,* for plaintiffs.

*Hal Lindsay, Benton E. Gaines, Wright & Willingham, Maddox & Griffin, Harry S. Slrozier, Benning M. Grice,* and *Robert S. Wiggins,* for defendants.

Reid, Chief Justice. ■ The motion to dismiss the writ of error is denied for the reasons stated in the first headnote.

■ The Fifth District Dental Society and Georgia Dental Association are unincorporated voluntary organizations, neither of them being capable of suing or being sued in its adopted name. The Fifth District Dental Society held a "charter" from the Georgia Dental Association, which in turn was affiliated with the national association. The charter confers nothing in the nature of corporate rights, but is mere evidence of a voluntary affiliation. Therefore, in a suit by those who have associated themselves under the name of Fifth District Dental Society against those who have associated themselves under the name of Georgia Dental Association, the provisions of the Code, § 37-1002, which declare the right of class representation in such litigations, are applicable. We construe this petition in equity as being so brought; for, though it may be that the petition is subject to special demurrer on some grounds, including the apparent joinder of the association in its organized name

as a defendant, along with the named class representatives, the court below dealt with the case on its merits by sustaining the general demurrer; and so shall we. Similar class representation was recognized in *O'Jay Spread Co.* v. *Hicks*, 185 *Ga.* 507 (195 S. E. 564). In the opinion in that case numerous authorities are cited, which deal with the various situations where this principle has been applicable. Also, in *Grand Chapter* v. *Wolfe*, 172 *Ga.* 346 (157 S. E. 301), may be found an instance of similar application.

■ For a proper decision of the case we must keep in mind that the Georgia Dental Association did not expel or suspend from that association any of the plaintiffs or any of the class they represent; they are still members of that association, and retain all rights they formerly had as members of that association. What the State Association did was to withdraw fellowship, so to speak, from the local association as such. The revocation of the charter of the local association did not change its own nature or affect its properties. Its members still have the right to carry it on and to use or dispose of the properties held for them in its name. There are numerous complaints in the petition, relating to the basis and manner of the resolution which it is charged the members of the State Association passed and by which the Fifth District Society was suspended, and while the petition in general terms alleges that the members of the Fifth District Dental Association have been deprived of membership in the State Association by the revocation of the charter of the local association, yet a copy of the resolution revoking the charter is embodied in the petition, and it expressly states that the members of the local association shall still be members of the State Association. The petition in general terms alleged that the petitioners have been deprived of their property rights; but when the details are given, as they are, in the course of the petition, it appears that the money and other property as to which these rights are asserted are held in the right, custody and possession of the local association. The local association still owns these properties as fully as it did before, and the withdrawal of fellowship by the State Association in no wise affected their title to them, or the rights of the members of the local association therein.

In so far as "arresting" the charter of the local component society is concerned, the by-laws which were incorporated as an

exhibit attached to the petition provide: "The Executive Council may at any time, with the consent of the Association, revoke the charter of any component society for violation of its obligation." This does not require the same character of notice, hearing, etc., as is claimed in respect to individual memberships in the State Association. "It is a well-established and uniform rule that courts of equity have no authority to interfere with the action of voluntary and unincorporated associations where no right of property is involved." 25 R. C. L. 58. "The courts will not interfere unless the suspension or expulsion will result in an invasion of the member's property rights." 5 C. J. 1357. The foregoing general rule of law has been applied in our State in *State ex rel. Waring* v. *Georgia Medical Society*, 38 *Ga.* 608, 625 (95 Am. D. 408), where the court said: "While it remained a voluntary society the courts had no jurisdiction over it, if it violated no law of the State, and its members had no property in their membership which the law could protect." The rule was further stated in *Hussey* v. *Gallagher*, 61 *Ga.* 86: "A court of equity is slow to interfere in the mere police courts of a society incorporated for benevolent and charitable objects, and will not apply the harsh remedy of injunction except in cases clearly made out by proof and where all other remedies are exhausted." As to interference with voluntary societies such as religious organizations, see *Gibson* v. *Singleton*, 149 *Ga.* 502 (101 S. E. 178).

In *Grand Chapter* v. *Wolfe*, supra, the court held that the demurrer to a petition by ousted members of a voluntary association was properly overruled, where they sought redress and the aid of equity in the restoration of membership. That case is relied upon by plaintiffs, and in some respects is similar, but differs in the material aspect that by the action complained of the members there were deprived of their whole membership with all property rights attaching thereto. In the instant case, as pointed out, the individual membership of the respective persons composing the Fifth District Society was expressly preserved and continued in the State Association, and no effort was made to deprive them of any rights in such property as was owned by the Fifth District Association as such.

It is admitted that the nearest the plaintiffs came to making out a case in respect to violation of property rights was in their allega-

tions in reference to certain insurance benefits of which, under their contentions, they would be deprived by the action of the State Association. The petition as amended alleges that five of the members of the local association have insurance with the National Association, and that the secretary of the State Association, through whom the dues necessary to carry the insurance is transmitted, refuses to accept them from these members. Nothing in the petition shows any justification for the refusal of the secretary of the State Association to accept these dues; as these members are, according to the record, members of the State Association and entitled to all the rights of members of the association. But that phase of the petition presents a controversy between the individuals carrying the insurance and the secretary of the State Association, and perhaps the National Association which is not a party to the case. It presents no cause for controversy against the State Association, which, in its action complained of, expressly preserved the rights of the members of the local association. Hence we are of the opinion that no such substantial property rights are involved in the controversy presented by the petition as to give a court of equity jurisdiction to redress the alleged wrong. Such members of the local association as have insurance benefits or other property rights in the State or National Association retain them, despite the revocation of the local charter. Some financial inconvenience in relation to paying dues to the State and National Associations may exist; but this does not constitute any such substantial property interest as to justify the equitable relief sought. Generally speaking, as shown from the rule hereinabove stated, courts of equity do not concern themselves with internal controversies in voluntary associations unless they involve substantial property rights. The allegations of the petition, which for the purposes of the case on demurrer are taken as true, may show ruthless treatment of the local association; but when the general allegations are made to yield to specific allegations also contained in the petition, as they must be, the wrong that remains is one that must be redressed, if at all, within the associations (State and National) and not by the court. The judgment sustaining the demurrer must be

*Affirmed. All the Justices concur.*