## 34315. CRUMP *v.* OJAY SPREAD COMPANY INC.

Decided November 21, 1952.

*Harbin M. King,* for plaintiff in error.

*Henry L. Barnett,* contra.

SUTTON, C.J. ■ The plaintiff, Wick Crump, testified in effect: He was employed by the Ojay Spread Company and was working at the company's plant during the years 1946, 1947, and 1948, as a night watchman, and he also cleaned up and oiled the machinery at night. During the year 1946, he had a conversation with Irving Ostuw, the general manager of the Ojay Spread Company, who told him to employ someone to help him with his work, if he needed someone, and to pay a reasonable price therefor, and the company would repay him. In accordance with the instructions from Ostuw, he went ahead and got Joe Stroud to help him, and Stroud helped him with his work from May 9, 1947, to December 31, 1948, and he paid Stroud $15 each week during that time. He told Ostuw what he was paying Stroud each week, and Ostuw said it was reasonable enough. He had made demand for his money, but Ostuw always said he was in a hurry and would see him later. Crump remembered making a demand for the money on January 25, 1950, because when he came in the next day he was laid off.

Eighty-seven receipts for $15 each, from Joe Stroud to Wick Crump, running from May 9, 1947, to December 31, 1948, were introduced in evidence, the first of these being as follows: "May 9, 1947. Joe Stroud. Received of Wick Crump 15.00 Fifteen Dollars for work at the O. J. Spread Company, on at 8 p. m. and off at 12 p. m. /s/ Joe Stroud." The other eighty-six receipts were in the exact language of the one quoted, except as to the dates. Melba Crump, daughter of the plaintiff, testified that she wrote the eighty-seven receipts for her father.

Irving Ostuw, a witness for the defendant, testified to the effect: that he did not authorize Wick Crump to employ Joe Stroud or anyone else to assist or help Crump in his work for Ojay Spread Company; that he did not know Joe Stroud and never saw him at the plant of the spread company, so far as he knew; and that Stroud was not authorized to work at the spread company's plant when he (Ostuw) was the general manager, and he never promised to pay Crump anything for Stroud or anyone else in helping Crump in his work at the plant. Ostuw was the general manager of the Ojay Spread Company during 1946 and until August, 1947.

William R. Pittman, who succeeded Ostuw as general manager of the spread company and who was general manager from August, 1947, through 1949, testified to the effect: that he did not authorize Wick Crump to employ Joe Stroud to help or assist Crump in his work at the spread company's plant, and did not agree to pay Stroud anything or to reimburse Crump for any amount expended by him in that manner; and that he did not know Joe Stroud and had never seen him at the Ojay Spread Company's plant.

Two other witnesses testified that they had worked at the Ojay Spread Company's plant at night during 1947 and 1948, and that they had never seen Joe Stroud there at night or at any other time, helping Wick Crump in his work at said plant. It appeared from the evidence that Joe Stroud died in April or May of 1951. This suit was filed on May 7, 1951. The evidence was in conflict, but the finding of the jury in favor of the defendant was amply authorized by the evidence.

■  The two special grounds of the motion for a new trial are without merit. Special ground 1 complains that the court, on objection by the defendant, refused to allow the plaintiff to testify as to the expense he had been put to in employing a lawyer and in instituting this suit. It has been held that a finding for attorney's fees is unauthorized where the amount of the recovery, as found by the jury, is less than the amount sued for. *Schafer Baking Co.* v. *Greenberg*, 51 *Ga. App.* 324, 326 (4) (180 S. E. 499); *Queens Ins. Co.* v. *Peters*, 10 *Ga. App.* 289 (4) (73 S. E. 536). Also see *McKenzie* v. *Mitchell*, 123 *Ga.* 72, 75 (1) (51 S. E. 34); *Traders Ins. Co.* v. *Mann*, 118 *Ga.* 381 (6) (45

S. E. 426). Then, certainly, there could be no recovery of attorney's fees in this case, where the jury found in favor of the defendant and against the plaintiff, and no harmful error is shown by this ground of the motion.

Special ground 2 complains that the court refused to allow the plaintiff to show by William R. Pittman, a witness for the defendant, what products were sold by his present employer, Bartow Textile Company, on the ground that such testimony was immaterial, irrelevant, and illustrated no issue in the case. This was not error, as it was immaterial whether the company, for which Pittman was working in 1951, was selling bedspreads or some other products.

Neither of these special grounds shows any prejudicial error against the plaintiff.

■ ·The court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*