36360. SIMONTON CONSTRUCTION CO. *et al. v.* POPE *et al.*

DECIDED FEBRUARY 12, 1957—REHEARING DENIED
FEBRUARY 25, 1957.

*Robert D. Tisinger, William J. Wiggins,* for plaintiffs in error.
*Shirley C. Boykin, D. B. Howe, Guy Parker, Harry S. Mc-Cowen, A. B. Parker,* contra.

TOWNSEND, J. ■■ The motion to dismiss the writ of error on the ground that the brief of evidence does not meet the requirements of Code (Ann. Supp.) § 70-305 is denied. This provision relating to the sufficiency of a brief of evidence or stenographic transcript of the proceedings does not apply to exceptions to an auditor's report. *Williams Realty &c. Co.* v. *Simmons,* 188

*Ga.* 184 (3) (3 S. E. 2d 580) ; *Linder* v. *Whitehead,* 125 *Ga.* 115 (53 S. E. 588).

■ The motion to dismiss the writ of error for lack of proper parties is also denied, as the parties named therein were added by amendment in conformity with Code § 6-913. That this is permissible see *Howard* v. *Betts,* 190 *Ga.* 530 (9 S. E. 2d 742) ; *Webb & Martin, Inc.* v. *Anderson-McGriff Hdw. Co.,* 188 *Ga.* 291 (3 S. E. 2d 882) ; *Lassiter* v. *Bank of Dawson,* 191 *Ga.* 208 (11 S. E. 2d 910) ; *Richards* v. *Richards,* 209 *Ga.* 839 (1c) (76 S. E. 2d 492).

■ The defendant moved the superior court to recommit 5 issues to the auditor for further action by him. The trial court granted this motion as to 4 of the issues but declined to recommit the issue specified in the fifth ground of the motion. In this ground it was pointed out to the trial court that the defendant was the prime contractor on the five school projects of Heard County with the State School Building Authority; that the plaintiff was a subcontractor to do the plumbing and electrical work; that one W. I. Lanier had a contract with the plaintiff by the terms of which he was to help to procure a performance bond for the plaintiff and do other things toward assisting him in the procurement and carrying out of the contract between the parties, and that under the terms of this contract Lanier could under certain circumstances take over the contract from the plaintiff and perform it himself on behalf of the prime contractor; that in July, 1954, during the progress of the work to be performed by the plaintiff as subcontractor, Lanier took over the contract of the plaintiff and thereby became the assignee of all the assets of the subcontractor growing out of his relationship to the project as such. It is contended that these facts if found to be true would conclude the case in favor of the defendant because the plaintiff would have no interest in the subject matter. The purpose of the motion was to get such a decision from the auditor. Exception 13 to the auditor's report to which exception is also taken in the bill of exceptions is to the denial by the auditor of a motion to control the case on this same ground.

Lanier was made a party to the case on the application of the defendant. In his answer he adopts as true everything alleged by

Pope in his petition. He also denied every material allegation of the answer of the defendant which in any way conflicted with the interest Pope had in the subject matter. In effect, by his pleadings he disclaimed any and all interest in the subject matter and on the contrary expressly alleged that such interest was in the plaintiff. In his testimony he explained the purpose of the letter he wrote the defendant purporting to take over the subcontract. From the pleadings and evidence it appears without dispute that Pope's interest was not assigned to Lanier. All this was before the trial court at the time of his action on the motion to recommit. It was also before the auditor at the time he made his findings to a part of which exception 13 is interposed. Since the conclusion that Pope's interest was not assigned to Lanier is demanded, these exceptions are without merit.

 The plaintiff demurred to the allegation of the defendant that it had offered to pay W. I. Lanier a sum of money which was the sum the defendant contended was its balance owing to the subcontractor. The auditor sustained this demurrer on the ground that the allegation was irrelevant since Lanier was a third party, not a party to the contract. This ruling forms the basis of exception No. 2 to the report of the auditor. Since the answer fails to show Lanier as a proper party to whom the offer should have been made, the auditor did not err in sustaining this ground of demurrer, and the judgment of the trial court overruling this exception is without error.

If, however, it should be said that the allegation of the answer that "W. I. Lanier and D. G. Pope, trading as Pope Plumbing & Heating Company" should be taken to allege a partnership so that the plaintiff "D. G. Pope, trading as Pope Plumbing & Heating Company" would be bound by offers communicated only to Lanier (which is doubtful in view of contradictory allegations elsewhere in the answer), in any event the evidence upon the hearing established without dispute that Lanier was not a partner or part owner in the business, but that his interest derived solely from a special contract between himself and Pope under the terms of which he agreed to become a surety on the performance bond and to protect his own contingent liability in this regard.

 The auditor (1) overruled a demurrer attacking a para-

graph of the plaintiff's amendment on the ground that it was vague and indefinite and did not definitely allege the subcontract relationship; (2) overruled a demurrer addressed to another paragraph alleging that all contracts between the plaintiff and the defendant are covered by a general contract between the defendant and the State School Building Authority; (3) overruled a demurrer to another paragraph seeking to require the plaintiff to plead how he became a subcontractor and to set forth the subcontract; (4) overruled objections to evidence of the contract price between the plaintiff and the defendant on the ground that the subcontract would be the best evidence; (5) refused to direct a verdict for the defendant on the ground that the plaintiff had not proved a prima facie case because he had failed to plead and prove the subcontract, and (6) sustained a motion to exclude certain evidence of the defendant regarding services and materials furnished by it on a portion of the work subcontracted which it sought to have credited against the amount it owed the plaintiff, for the reason that there had been no compliance by the defendant with a provision of its contract with the school building authority as follows: "No claim for services rendered or materials furnished by the contractor to the subcontractor shall be valid unless written notice thereof is given by the contractor to the subcontractor during the first 10 days of the calendar month following that in which the claim originates." These comprise exceptions 6 through 12 to the auditor's report and all pertain to a fundamental issue in the case as follows: whether the plaintiff subcontractor proceeded properly in pleading, proving, and relying upon the above quoted provision in the contract between the State School Building Authority and the defendant, or whether this contract was irrelevant to its case, and the plaintiff should instead (or in addition) have pleaded, proved and relied upon the contract between itself and the defendant prime contractor. In this regard it should be noted that although the plaintiff did not plead the subcontract, the defendant did so, and also the subcontract, along with the contract between the defendant and the School Building Authority, was in evidence on the hearing before the auditor. The claim of the plaintiff against the defendant grew out of the contract between these parties and was based on

this contract. Code § 81-105. It was accordingly error for the auditor to overrule the demurrer calling for a copy of this contract to be attached to the petition. However, error, to be reversible, must be harmful. *Barrett* v. *Barrett*, 173 *Ga.* 375 (160 S. E. 399, 78 A. L. R. 962); *Babb* v. *Kersh*, 92 *Ga. App.* 346 (88 S. E. 2d 432). In view of the fact that the contract was pleaded by the defendant and was introduced in evidence, it was before the auditor at the time he made his report. Accordingly, the failure of the plaintiff to plead it was not harmful to the defendant. This contract referred to the plans and specifications of the contract between the School Building Authority and the prime contractor, and was subject to it. The services provided in the subcontract could not have been performed except for the plans and specifications outlining the manner in which they were to be carried out. That contract also anticipated that certain parts of the work on the project would be let out to subcontractors and sought to regulate the relationship between prime and subcontractors. To the extent that the prime contract anticipated the use of subcontractors and regulated the prime contractor's relationship with them, the prime contractor was bound thereby, and could not defend against an action by the subcontractor by setting off expenditures in conflict with the terms thereof. Such provision of the prime contract inured to the benefit of the subcontractor. Code (Ann. Supp.) § 3-108. There is nothing in the contract between the prime contractor and the subcontractor or elsewhere in the record which suggests a waiver of the rights inuring to the subcontractor under the prime contract to the effect that "no claim for services rendered or materials furnished by the contractor to the subcontractor shall be valid unless written notice thereof is given by the contractor to the subcontractor during the first 10 days of the calendar month following that in which the claim originates." Accordingly, the rulings of the auditor were not such as to be harmful to the defendant, and the trial court did not err in overruling these exceptions to the auditor's report.

This suit was instituted originally for the sum of $32,490.71. The auditor found against the defendant in the principal sum of $25,949.18 plus $6,000 attorney's fees. Thus the

principal sum sued for was reduced in the amount of $6,541.53, a material amount. The judgment for attorney's fees in the auditor's report was the subject of an exception which was overruled by the trial court. It is well settled that where the amount of the defendant's liability as established by the fact-finding tribunal is substantially less than the amount sued for, a finding for attorney's fees is unauthorized. *Queen Insurance Co.* v. *Peters*, 10 *Ga. App.* 289 (4) (73 S. E. 536) ; *Atlanta Life Ins. Co.* v. *Jackson*, 34 *Ga. App.* 555 (6) (130 S. E. 378) ; *Southern Mutual Ins. Co.* v. *Turnley*, 100 *Ga.* 296, 303 (27 S. E. 975) ; *Love* v. *National Liberty Ins. Co.*, 157 *Ga.* 259 (4), 271 (121 S. E. 648) ; *Schafer Baking Co.* v. *Greenberg*, 51 *Ga. App.* 324, 326 (180 S. E. 499) ; *Crump* v. *Ojay Spread Co.*, 87 *Ga. App.* 250 (2) (73 S. E. 2d 331). See also *Traders Insurance Co.* v. *Mann*, 118 *Ga.* 381, 386 (45 S. E. 426) wherein it is held: "Good faith *in refusing to pay* would not lessen, nor bad faith increase, the plaintiff's damages in an action ex contractu." (Emphasis added.) The judgment of the trial court overruling this exception was error which, if not written off by the plaintiff, will require reversal.

 All of the exceptions of fact were passed on by the trial court on the theory that this case was an action for equitable accounting. The judgment of transfer of this case by the Supreme Court to this court constitutes an adjudication that this is a case at law only, wherein it is the duty of the trial court under Code § 10-402 to submit the exceptions of fact to a jury for determination. However no error is assigned in the bill of exceptions on the failure of the trial court to submit the case to a jury for this purpose, and this constitutes a waiver thereof. As stated in *Adams* v. *Bishop*, 42 *Ga. App.* 811 (6) (157 S. E. 523) : "The only assignment of error in the bill of exceptions to the final judgment of the court is that it is 'contrary to law', and that the court erred in rendering judgment 'on each and all of the grounds of error set forth in his exceptions of fact.' There being no exception to the final judgment upon the ground that it was rendered without referring to a jury the exceptions of fact to the auditor's report as provided in . . . [Code § 10-402], the question whether the court erred in not referring the exceptions of fact to a jury is not presented for consideration."

■ The only question left for determination is whether or not the evidence, even though in conflict, is sufficient to support the findings of fact made by the auditor. There are 931 pages of evidence, making it unfeasible to set it forth in detail here. However, on examination of this evidence it appears that while it is in sharp conflict as to many of the findings of fact to which exceptions are taken, all the findings are supported by some evidence. Accordingly, the trial court did not err in overruling the exceptions to the findings of fact. The judgment is affirmed on condition that the plaintiff write off the recovery for attorney's fees at or before the time when the judgment of this court is made the judgment of the trial court; otherwise the judgment is reversed.

*Judgment affirmed on condition. Carlisle, J., concurs. Gardner, P. J., concurs in the judgment.*

### On Rehearing.

"The Supreme Court or the Court of Appeals shall not decide any question unless it is made by a specific assignment of error in the bill of exceptions, and shall decide any question made by such assignment." Code § 6-1607. As stated in *Rushing* v. *Akins,* 210 *Ga.* 450 (4) (80 S. E. 2d 813): "There is no exception to the decree upon this ground, and it is well settled that the Supreme Court has no jurisdiction to pass upon questions not made in the record."

In this record there is no assignment of error on the failure of the trial court to submit this case to the jury, and this court is accordingly without jurisdiction to reverse the case on this ground. The plaintiffs in error contend in their motion to rehear that the failure of the trial court to refer the exceptions of fact to a jury was error. Nothing in the opinion of this court contradicts that assumption of the plaintiffs in error. It is also contended that the plaintiffs in error did not waive a jury trial, as shown by the fact that in their exceptions of fact to the auditor's report they state that the case ought to be referred to a jury. With this, also, this court agrees. However, nothing in the exceptions of fact to the auditor's report can be construed as an exception to the act of the trial court in refusing to refer the exceptions of fact to a jury for the simple reason that an excep-

tion to an illegal procedure of the trial court must be taken *after* the trial court acts, and the exceptions of fact were necessarily presented to the trial court *before* he acted upon them. When he did act, if the plaintiffs in error considered he had acted illegally, they should then have excepted, and the only place for such exception (since the abolition of exceptions pendente lite) is the bill of exceptions itself. There is no exception to the failure of the court to refer the case to a jury in the bill of exceptions, and there is not and could not be such an exception in the exceptions to the auditor's report since the latter may complain only of errors made by the *auditor* (not the trial court) and the record *before the auditor* must show the matter to which exception is taken. Code §§ 10-301, 10-302.

As pointed out in the opinion, this part of the decision is controlled by *Adams* v. *Bishop,* 42 *Ga. App.* 811 (6), supra, but it is also controlled by general law and the unbroken line of decisions of this court and the Supreme Court that errors not assigned in the bill of exceptions cannot be considered on appeal. If anything to the contrary appears in *Manry* v. *Hendricks,* 66 *Ga. App.* 442 (18 S. E. 2d 97) the *Manry* case, being in conflict with the older *Adams* case and this rule of law, must yield. There is, however, a distinction between the cases. In the *Manry* case the defendant, in his exceptions, prayed for a jury trial, and the overruling of the exceptions and this prayer was assigned as error in the bill of exceptions "as being contrary to law", whereas here there is no prayer for a jury trial, and there is no exception to the judgment overruling the exceptions to the auditor's report on the ground that such judgment is contrary to law. Reference to the exception to the judgment overruling the exceptions to the auditor's report in this case discloses only that error is assigned thereon "for the reasons specified in each specific numbered exception filed by the defendant." One of the exceptions to the auditor's report did suggest that the case be referred to a jury, but did not pray for this relief, for which reason the overruling of the exceptions must relate only to alleged errors committed by the auditor. This raises the sole question of whether or not there was evidence to support the auditor's findings of fact.

On the other hand, in the *Manry* case the exceptions to the

findings of fact of the auditor prayed for a reference to the jury. Although such a prayer in exceptions to an auditor's report is not here recognized as proper procedure, under Chapter 10 of the Code providing for the reference of cases to auditors, it was so treated in the *Manry* case. Even so, the record here cannot be construed as revealing that the trial court overruled a prayer for a jury trial where no such prayer appears in the record. On the other hand, the prayer in this case is: "Wherefore, defendant prays that the *court* make careful inquiry into and *hear* each exception of law *and fact* and sustain the same, disallowing the report of the auditor in each of the particulars herein specified." This prayer is not construed to preclude jury action for it is recognized that the court might do this by jury. On the other hand, the court had jurisdiction of the subject matter, and the prayer cannot be construed as a prayer for jury reference.

In *Weaver* v. *Cosby*, 109 *Ga.* 310 (1) (34 S. E. 680), also. cited, there was a specific exception in the bill of exceptions to the failure to refer the case to a jury. The *Weaver* case deals with the question of waiver of a jury trial at the time of such trial; not, as here, with the waiver of a right to insist on reversal in the appellate court by failure to assign as error the court's refusal of jury reference at the time the appeal is taken.