THE MARIETTA SAVINGS BANK *vs.* JANES.

1. Where a promissory note did not express within itself the entire contract between the parties, but the remainder thereof was con-tained in letters written by them in connection with the making of the note, such letters were admissible in evidence, in a suit between the maker and one who took the note after maturity.

2. Letters which would be admissible in evidence being lost, their con-tents was provable by parol.

3. An administrator may relieve a debt from the bar of the statute of

limitations by a new promise to pay, provided such bar had not accrued in the lifetime of his intestate.

4. Where one took the note of an administrator, as such, in renewal of the debt of the intestate, agreeing that "it shall never in any way or manner prejudice you (the maker) individually," such agreement was in effect a covenant never to sue, and operated to release the maker as an individual, as against the payee or one who took the note after maturity.

Administrators and executors. Evidence. Contracts. Before Judge UNDERWOOD. Polk Superior Court. August Term, 1880.

To the report contained in the decision, it is only necessary to add ᵗhat the following were among the grounds of the motion for new trial :

(1). Because the court erred in admitting in evidence, over the objection of plaintiff's counsel, a letter written by J. D. Waddell, previous to the making of said note, to-wit: April 18th, 1877, containing these words: " Send up your note as administrator of your father's estate, and it shall never in any way or manner prejudice you individually," this being an effort to vary the note and add a condition thereto.

(2). Because the court erred in allowing the defendant to testify, over the objections of plaintiff's counsel, that he gave said note because of the letters written to him by the payee that he would not hold him individually liable, and that the estate of W. F. Janes was insolvent.

(3). Because the court erred in charging the jury that, "this is an action by plaintiff against defendant on a promissory note. You will perceive that the promise is made as administrator in the body of the note. If you find from all the evidence that the payee wrote to the defendant that if he signed the note that he only wanted to be paid from the assets of the estate of W. F. Janes, and would never hold him C. G. Janes individually liable for the debt, and that plaintiff, the bank, received the

note after due, then the plaintiff is not entitled to recover and you should find for the defendant."

(4). Because the court erred in allowing the defendant to read the interrogatories of James D. Waddell, over the objection of plaintiff's counsel, said interrogatories relating to matters which transpired previous to the making of the note.

[The answers of Waddell detailed the manner in which the debt came to be renewed, the correspondence which took place in regard thereto, the renewal, and the sale of the note by him to the plaintiff. Among other things, he stated that he could not find the letters from defendant to him.]

D. & T. B. IRWIN; IVY F. THOMPSON, for plaintiff in error.

C. N. FEATHERSTON, for defendant.

JACKSON, Chief Justice.

This action was brought by the Marietta Savings Bank against C. G. Janes, to recover the sum due on a promissory note made by Janes as administrator on his father's estate. As originally brought, it sought to charge him as administrator, but the words charging him in that character were stricken by the plaintiff, and it proceeded against him individually. Janes pleaded that he gave the note sued on merely to renew a note his father had given Waddell, and on the promise by letter of Waddell that he would not hold Janes personally liable, but only go against the estate for the money. The letter is as follows:

"MARIETTA, GA., April 18th, 1877.

MY DEAR CHARLES: Your letter of the 11th instant is received, and its contents give me satisfaction. Send me your note as administrator of your father's estate, and it shall never in any way or manner prejudice you individually. I am surprised to infer from your intimation that the estate is so much embarrassed.

Yours ever truly,        J. D. WADDELL."

Thereupon the note sued on was enclosed in a letter to Waddell, and is in these words:

" One day after date, as administrator of W. F. Janes, deceased, I promise to pay J. D. Waddell or bearer, one thousand and seventy-three dollars and twenty cents, for value received, this May the 8th, 1877. C. G. Janes, as administrator of W. F. Janes, deceased."

Waddell transferred the note to the plaintiff after due.

Under charge of the court the jury found for the defendant, and a motion was made for a new trial on various grounds, the effect of which when analyzed is that the note could not be varied by the letter, and that the legal effect of the note as written is to bind the defendant individually.

1. We think that the letter was properly admitted. It is part of the contract. Even if it had rested in parol with no writing, it might have been admitted to show the entire contract, all of it not being expressed in the promissory note. Code, §2757, 54 *Ga.*, 527; 59 *Ib.*, 562. But it is not necessary in this case to go to that length. The entire contract here is in writing, though the writing is on two pieces of paper. It takes both writings to make the real contract of the parties, and the legal effect is the same as if one paper held the contents of the note and of the letter. Code, §3801. Construing them as one, the stipulation is not, under any circumstances, to hold the defendant individually liable, but to look only to the estate of his father. From the explanatory testimony as to the circumstances under which the note was given, it is clear that it was simply to renew a debt not barred in the lifetime of the intestate, but growing old and in danger of being barred.

2. The letters of defendant to Waddell were lost by the latter, and the parol proof was clearly admissible for this reason if for no other

3. An administrator may renew such a debt and charge the estate. Code, §2542. This is the legal effect of the

contract, and if the plaintiff saw fit to strike from the declaration the representative character of the defendant, he exercises a legal right, but must take the consequences of that amendment. If the estate should be insolvent, it is his misfortune, and he is in no worse condition than he would have been had he sued on the old debt before the statute would have barred him.

4. This bargain is not to hold the defendant liable personally. It is equivalent to a promise not to sue him individually. He is to be prejudiced in no way. The agreement is equivalent to a covenant never to sue, and that operates as a release. Code, §2861; 48 *Ga.*, 631 ; 57 *Ga.*, 140. The plaintiff received the note after due, and holds it subject to all defences against Waddell.

The charge of the court and the verdict of the jury are therefore clearly right, and the motion for new trial was properly overruled.

Judgment affirmed.