35171.  KISER *et al.*, executors, *v.* GODWIN.

Decided October 14, 1954.

*Heyman & Abram,* for plaintiffs in error.

*Wright Gellerstedt, Candler, Cox, McClain & Andrews,* contra.

NICHOLS, J.  To show that the court erred in sustaining a demurrer to their petition, the executors contend: (1) that Godwin's letter of March 31 and the contract of sale of April 2 are contemporaneous writings relating to the same transaction, which demonstrate, when construed together, that the contract of sale was made in consideration of the agreement contained in the letter; and (2) that the agreement of March 31 was a distinct, collateral agreement not inconsistent with the contract of sale.

The merger clause in the contract of sale answers these contentions.  The parties provided against the use of any evidence, other than the writing itself, as to their intent in the transaction. The paper itself, together with any modifications attached and signed by both parties, is to be the "sole and entire agreement." It is also provided that only the promises, representations, or inducements made in the writing shall be binding upon the parties.

Reformation of this clause is not sought upon any ground. Its effect is to confine the evidence of the agreement to the document itself.  Godwin's alleged promise was either to pay $5,000 if the executors would accept his written offer, or to pay $5,000 in addition to $135,000 if the executors would convey the land to him, both promises being dependent upon a further condition. Neither the former promise in parol nor the latter promise in writing was attached to or stated in the document comprising the contract of sale.  Whether called promises, inducements, or modifications, they were rendered nugatory by the subsequent execution of the document containing the quoted merger clause.

The cases cited by the executors, such as *Manry* v. *Hendricks,* 66 *Ga. App.* 442 (18 S. E. 2d 97), in which the court looked to contemporaneous writings to determine the intent of the parties, and such as *Langenback* v. *Mays,* 205 *Ga.* 706 (54 S. E. 2d 401, 11 A. L. R. 2d 1221), *Spier* v. *Lambdin,* 45 *Ga.* 319, and *Indiana Truck Corp.* v. *Glock,* 46 *Ga. App.* 519 (168 S. E. 124), in which the courts enforced a distinct, independent, and collateral parol agreement not inconsistent with a later written agreement, are materially different from the present case, for the written contracts involved in those cases did not have an express merger

provision, such as the provision in the sales contract in this case.

The court did not err in sustaining the general demurrer to the executors' petition.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*