## 27750. BETTIS et al. v. LEAVITT.

GUNTER, Justice. This case began by the appellee filing suit against the appellant and an alleged limited partnership in which the appellant was the only general partner. The appellee's complaint sought various types of relief against the appellant and the alleged partnership, but the only relief sought that is material to this appeal was the appointment of a temporary and permanent receiver to take charge of the assets of the alleged partnership.

After conducting a hearing the trial judge entered judgment appointing a temporary receiver to take charge of the assets of the alleged partnership including certain specifically described improved real estate.

The appellant and the partnership (their two interests being one and the same insofar as it relates to the controversy with the appellee) have appealed from that judgment.

The only issue for decision in here is whether that judgment, appointing a temporary receiver, was correct or incorrect.

Code § 55-305 provides: "Equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any asset charged with the payment of debts, where there is manifest danger of loss or destruction, or material injury to those interested. Under extraordinary circumstances, a receiver may be appointed before and without notice to the trustee or other person having charge of the assets. The terms on which a receiver is appointed shall be in the discretion of the court."

In the case of *Webb v. Hicks,* 117 Ga. 335, 340 (43 SE 738) (1903), we find the following principle stated: "These interlocutory orders do not necessarily have to be passed after process is issued or service has been made. For as soon as a court of equity has before it a petition as to persons or a subject-matter of which it has jurisdiction, it can, without notice, grant a temporary restraining order (Civil Code, § 4924), or appoint temporary receivers (Civil Code, § 4904)."

In the instant case the appellee was contending that the appellant, the only general partner of the alleged partnership, was using alleged partnership assets for his own benefit and to the detriment of the appellee.

After a hearing conducted by the trial judge on December 4, 1972, at which appellant was represented by counsel, the trial judge found as a fact that the general partner who controlled the assets allegedly belonging to the partnership had deliberately sought to evade service of process in this action. He found that thirteen attempts to perfect service had been unsuccessful, even though a private investigator had been employed and

appointed by the court to perfect service upon the appellant.

At the hearing appellant's counsel stated in his place as follows: "He is a resident of DeKalb County. He is in the contracting business, and as such he has contracting jobs going in Texas and Florida which are quite substantial and which require him to spend a good deal of time on the job sites. He is in DeKalb County from time to time. He has a business office here. He maintains his business; he goes to his office. I am not certain exactly where he is residing, to be perfectly honest, but he spends a good deal of time, not to conceal himself, but to conduct his normal business affairs."

Having found that the general partner had deliberately evaded service of process in the action, and the alleged partnership assets being real estate located within the jurisdiction of the court, we hold that the trial judge was justified in the appointment of a temporary receiver.

The appointment of a temporary receiver was justified by the circumstances appearing in this record. When assets in dispute between parties are within the jurisdiction of the court, and the responsible party is a nonresident of the state or a resident deliberately evading service, a court of equity has ways of getting the attention of and a response from the responsible party. One of such ways is the appointment of a temporary receiver for the assets within the jurisdiction of the court. Such action usually brings a response, and the responding party then has every right to show in the trial court that the appointment of a temporary receiver was not legally justified and should not be continued. But that is a question of fact between the contending parties in our adversary system, and it must be determined in the first instance in the trial court.

Under the facts contained in this record the initial

appointment of a temporary receiver by the trial court was legally proper. The continuance of the receivership or making it permanent may or may not be legally justified by the evidence submitted in an adversary proceeding. But that is for determination in the trial court.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 14, 1973—DECIDED MAY 10, 1973— REHEARING DENIED MAY 24, 1973.

*Peek, Whaley & Haldi, Glenville Haldi, J. Corbett Peek,* for appellants.

*M. Hardeman Blackshear, Swertfeger, Scott, Pike & Simmons,* for appellee.