## 30442. BETTIS v. LEAVITT et al.

HILL, Justice.

This action arises out of a limited partnership formed in 1967. Defendant Charles Bettis appeals from a judgment of the trial court approving an auditor's report, and appointing a receiver to sell the assets of the partnership and to distribute the proceeds of the sale to plaintiff John Leavitt and two intervenors.

The partnership consisted of three limited partners and two general partners. The partnership agreement provided that the three limited partners were each to have a 5% interest in the partnership for their cash contribution. The two general partners contributed land and were to have 42 1/2% interest each and were

authorized to manage the business exclusively. Title to the land remained in the names of the general partners. The partnership was established for a term of ten years, but the retirement of general partner would dissolve the partnership unless "a general partner shall be in life and not insane, and shall elect to continue the partnership business." On April 15, 1969, defendant Bettis acquired the interest of the other general partner. Bettis then developed a portion of the land which was, or had been, an asset of the partnership. He constructed office-warehouse buildings on a portion of the land and leased the buildings to tenants.

Plaintiff, one of the three limited partners, filed suit on September 28, 1972, against the partnership and Bettis, the remaining general partner, for an injunction to restrain the general partner from conveying or encumbering property of the partnership, for a conveyance of the property to the partnership, for an accounting and disbursement of profits, and for the appointment of a temporary and permanent receiver. The other two limited partners intervened as plaintiffs. The complaint was amended to seek, in a second count, that the property be impressed with a trust and that the property be liquidated and distributed.

Pursuant to a pre-trial order, a jury trial was had on the issue of whether under the terms of the partnership agreement the partnership was dissolved. The jury determined that the partnership was dissolved on April 15, 1969, when Bettis acquired the interest of the other general partner. After the jury's verdict the court entered a decree on January 8, 1974, finding the property to be impressed with a trust and that the plaintiff and intervenors each are entitled to 5% of the value of the real estate as of the date of dissolution of the partnership, 5% of the reasonable rental value of the land which was developed by the defendant and interest at 7% a year on the fair value of all other assets. The court appointed an auditor to make findings of fact and law in accordance with the decree.

Extensive hearings were held before the auditor. The auditor's first report was recommitted to the auditor on Bettis' motion. Defendant Bettis filed exceptions to the

auditor's final report. After a hearing, the trial court overruled the exceptions of fact and law and found that this is a case in equity and that there were no issues of fact to be submitted to a jury.

The court adopted the auditor's final report as the judgment of the court and entered judgment in favor of plaintiff and the intervenors for 5% each of the amount the auditor found to be the value of the limited partnership assets on the date of dissolution and for their share of rent and interest. The court ordered further that a receiver take charge of the assets of the partnership, sell them, and use the proceeds to satisfy this judgment.

The general partner appealed to the Court of Appeals enumerating the trial court's final order as error. The partnership has not appealed nor has the general partner enumerated error on the January 8, 1974, decree. The Court of Appeals transferred the case to this court. The appellees have moved to dismiss the appeal on the ground that the trial court erred in allowing the defendant to open default.

1. The defendant contends that the trial court erred in not submitting his exceptions of fact to the auditor's report to a jury.

Code Ann. § 10-402 requires that exceptions of fact to an auditor's report be passed upon by a jury in all law cases, but that in equity cases exceptions of fact are reviewed by a jury only when the exceptions have been approved by the judge. In this case the trial judge found that the case was an equity action, and since he overruled the exceptions, they were not submitted to a jury.

The defendant argues that the case was an action at law at the point it was submitted to the auditor. He contends that the interest of the limited partners in the partnership was personalty rather than realty, that the partnership had been dissolved and that the limited partners thereafter were no more than creditors. The auditor was simply to determine the amount due the limited partners because of the dissolution of the partnership. He contends that the nature of an action is determined by the issues ultimately presented rather than upon the allegations or relief sought; he relies on *Manry v. Hendricks,* 66 Ga. App. 442 (18 SE2d 97) (1941).

In *Manry v. Hendricks,* Mrs. Hendricks and Manry had been partners in a mercantile business he had managed. She purchased his interest in the partnership based upon his records as to how much he owed the partnership. Later, she brought an action against her former partner for an accounting and for damages for fraud and deceit. The defendant appealed to this court from the trial court's refusal to submit to a jury his exceptions to the auditor's findings of fact. This court transferred the appeal to the Court of Appeals finding that appellate jurisdiction lay with that court since the action was at law rather than in equity. *Manry v. Hendricks,* 192 Ga. 319 (15 SE2d 434) (1941). The Court of Appeals then held that the trial court committed reversible error in not submitting to a jury the exceptions to the findings of fact. *Manry v. Hendricks,* 66 Ga. App. 442 (18 SE2d 97) (1941). As can be seen, however, the litigation in *Manry v. Hendricks,* supra, began after the partnership was dissolved.

The defendant also argues that cases from foreign jurisdictions support his contention that the present case is an action at law. In both Hurst v. Hurst, 1 Ariz. App. 227 (401 P2d 232) (1965) and Appeal of Silberman, 105 Conn. 192 (134 A 778) (1926), the partnerships had already been dissolved before the actions were instituted.

In the case before us the facts are quite different. At the time of the commencement of the suit, there was a dispute as to whether the partnership had been terminated, the plaintiff contending that it continued to exist and the general partner contending that it had been dissolved. The initial complaint brought by a limited partner prayed for an accounting and equitable remedies. The amended complaint asked alternatively for impressing the property with a trust and for dissolution of the partnership and distribution of the property. The hearing by the auditor and his findings were in furtherance of an accounting for the dissolution and distribution of the partnership assets.

The Code section here in issue, § 10-402, as heretofore noted, requires that exceptions of fact to an auditor's report be submitted to a jury in cases at law, but authorizes the trial court to overrule such exceptions and

approve the auditor's findings of fact in cases in equity without submission to a jury. In this way the right of trial by jury in cases at law is preserved, while trial by the court in cases in equity is also preserved. See *Hearn v. Laird,* 103 Ga. 271, 276 (29 SE 973) (1898).

A petition which prays for a dissolution of a partnership, an accounting, and an injunction makes an equity case. *Fowler v. Davis,* 120 Ga. 442 (3) (47 SE 951) (1904).

The trial court did not err in finding this to be a suit in equity and thus in not requiring that exceptions of fact to the auditor's report be submitted to a jury.

2. The defendant enumerates as error the trial court's overruling of his exceptions to the auditor's findings of fact. As heretofore noted, exceptions to findings of fact are reviewed by the trial judge. In an equity action, the approval or disapproval of such exceptions is within the discretion of the trial judge and where the evidence, even though conflicting, supports the finding of the auditor, it is not an abuse of discretion to disapprove the exceptions of fact. *Henderson v. Lott,* 170 Ga. 261 (3) (152 SE 98) (1930). The evidence here, even though conflicting, supports the findings of the auditor, and the trial judge did not err in overruling defendant's exceptions.

3. Defendant's remaining enumerations of error have been resolved adversely to defendant in the course of the foregoing discussion of Code Ann. § 10-402, or have not been urged on appeal.

4. The plaintiff and intervenors, appellees in this action, have filed a motion to dismiss the defendant's appeal on the ground that the defendant has been in default in this case since December 1, 1972. They contend that the trial court erred in opening the default, see *Bettis v. Leavitt,* 230 Ga. 607 (198 SE2d 296) (1973), and therefore all that followed is a nullity.

In order to prevail on this ground, the appellees would have to cross appeal. A motion to dismiss the appeal is not the proper vehicle and it, therefore, is denied.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED NOVEMBER 17, 1975 — DECIDED JANUARY 27, 1976 —
REHEARING DENIED FEBRUARY 11, 1976.

*Peek, Arnold, Whaley & Cate, J. Corbett Peek, Jr.,* for appellant.
*Mackay & Elliott, Thomas W. Elliott, E. Lewis Hansen, M. H. Blackshear, Jr.,* for appellees.