## 56327. NORAIR ENGINEERING CORPORATION et al. v. PASS PAINTING COMPANY.

BANKE, Judge.

The appellant, Norair Engineering Corporation, was the general contractor for the construction of a hospital. The appellee, Pass Painting Company, subcontracted to do painting and other work on the interior of the building. This litigation arose from a complaint filed by the hospital against Norair. Norair joined Pass as a co-defendant and then filed a cross claim against it, alleging that the paint had peeled and flaked due to faulty workmanship on Pass' part, necessitating the repainting of a large portion of the building. Pass in turn filed a cross claim against Norair for the balance due under the subcontract.

The case was referred to an auditor, who exonerated Pass from liability for defective workmanship and recommended that Pass receive judgment against Norair for the balance due under the contract. The trial court entered judgment in accordance with this recommendation, and it is from this judgment that Norair appeals. *Held:*

1. The court did not err in disallowing a

"back-charge" against Pass which Norair attributed to defective wall covering installed by Pass. The only evidentiary basis for the back charge was an item from an architect's "punch list," which consisted merely of a written statement that the architect was "not satisfied with the wall covering as installed. . ." This document was clearly hearsay and could not have supported a finding that Pass was guilty of defective workmanship in installing the wall covering. See generally *Higgins v. Trentham*, 186 Ga. 264 (1) (197 SE 862) (1938); *Wallis v. Odom*, 130 Ga. App. 437 (3) (203 SE2d 613) (1973).

2. The evidence supported the auditor's finding that Norair had accepted responsibility for paying Pass for certain work which the latter had done on behalf of another subcontractor.

3. There is no evidence to support Norair's contention that Pass had primary liability for any cleanup work. The only evidence on this issue was that Pass had agreed to pay a certain portion of this expense as part of a compromise settlement. However, the settlement was never accepted by Norair.

4. The auditor's finding that the peeling and flaking of the paint was caused by the acts and omissions of Norair rather than by any lack of diligence on the part of Pass was supported by evidence and will not be disturbed on appeal. See generally *Bettis v. Leavitt*, 236 Ga. 213 (2) (223 SE2d 88) (1976).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 16, 1978.

*Friedman, Haslam & Weiner, Bruce A. Howe,* for appellants.

*Miller, Beckmann & Simpson, Lamar W. Davis, Jr., E. Ormonde Hunter,* for appellee.